176 West 87th Street Corporation, Appellant, *v.* Frederick Fleischman, Respondent.

First Department, July 14, 1922.

**Landlord and tenant — lease becomes binding and effective on day it is signed by parties — tenant not protected by April, 1920, Rent Laws where lease signed by both parties before April first but duplicate copy not delivered to tenant until April first.**

A lease becomes binding and effective on both the landlord and tenant on the day that it is signed and executed by both parties.

Accordingly, a tenant is not protected by the April, 1920, Rent Laws, where the lease was signed and executed by both parties before April 1, 1920, though the duplicate copy of said lease was not received by the tenant until April 1, 1920.

Appeal by the plaintiff, 176 West 87th Street Corporation, from an order and determination of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of New York on the 21st day of December, 1921, reversing a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Fifth District, in favor of the plaintiff.

The opinion of the Appellate Term is reported in *176 West 87th Street Corp.* v. *Fleischman* (117 Misc. Rep. 316).

*Henry S. Mansfield,* for the appellant.

*Samuel Fleischman,* for the respondent.

Dowling, J.:

This is an action brought to recover rent under a written lease bearing date March 22, 1920, for an apartment in the premises 176 West Eighty-seventh street, in the borough of Manhattan, city of New York, and the question involved is whether the lease was entered into on April 1, 1920, as claimed by the tenant, or on March 31, 1920, as claimed by the landlord. If the contention of the landlord is correct, then the defendant is concededly not in a position to avail himself of the provisions of chapter 136 of the Laws of 1920 (being one of the April Rent Laws of 1920), by interposing a defense that the rent reserved in the lease was unjust and unreasonable and the lease itself oppressive.

Defendant in March, 1920, was a tenant of the apartment in question under a three years' lease, expiring October 1, 1920. In February, 1920, he was notified that his rent would be greatly increased in case of a renewal, and that he could not occupy the premises after October first except upon such increased rental. Negotiations ensued between the defendant and the agents of the plaintiff and finally on or about March thirtieth defendant agreed to sign a lease upon conditions which were settled with plaintiff's agents. A lease was prepared which bears date March 22, 1920. This lease the defendant concededly signed and, in my opinion, the testimony shows that it was signed by the defendant on March thirtieth. In any event, whether the defendant signed it on March thirtieth or March thirty-first, it was signed by the plaintiff not later than March thirty-first, for on that day a duplicate of the lease, signed by both of the parties, was mailed to the defendant. The envelope in which the duplicate lease was mailed by plaintiff was offered in evidence by defendant and it bears the post mark showing that it was mailed at eight-thirty p. m. on March 31, 1920. Thus the signing of the lease by both parties was complete on March 31, 1920.

It is the contention of the defendant that because he did not receive the lease through the mail until April first, between the

hours of six-thirty and seven P. M., the lease did not become effective until that time and, therefore, he is within the protection of the statute. In the present case there was no necessity for negotiations between the parties after defendant signed the lease, nor did such negotiations take place. When the defendant called at the office of the plaintiff's agents upon a date which the testimony must be deemed to establish was March thirtieth, there was a form of lease ready, prepared in duplicate, which embodied the landlord's terms and which the defendant accepted and signed, leaving the papers with the agent for the signature of the landlord. That signature was supplied by the landlord on March thirty-first and when the lease was signed by it the transaction was completed, and the lease became at once binding and effective as to both the parties thereto. It was too late then for either party to seek to withdraw from the lease, nor was any attempt made so to do, and the forwarding of the duplicate of the lease to the defendant had no bearing upon its effectiveness.

The present case is controlled by the decision of this court in *Corn* v. *Bergmann* (138 App. Div. 260) which sustains the holding that the lease became effective when signed by the landlord, and that the delivery of the duplicate to the defendant had no bearing upon that question.

The determination appealed from should, therefore, be reversed, and the judgment of the Municipal Court affirmed, with costs.

CLARKE, P. J., LAUGHLIN, SMITH and PAGE, JJ., concur.

Determination reversed and judgment of Municipal Court affirmed, with costs to appellant in this court and in the Appellate Term.